DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 5:06 CR 526 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | MEMORANDUM OPINION ANALYZING THE SENTENCING FACTORS SET FORTH IN 18 U.S.C. SECTION 3553(a) |
| Edward Turpin | ) ) | |
| Defendant. | ) | |

### I. Introduction

The Court conducted the sentencing hearing of the defendant Edward Turpin. The Court determined that the defendant's total offense level was 21 with a criminal history category of II calling for a sentencing range under the advisory sentencing guidelines of 41 to 51 months. At the conclusion of the sentencing hearing, the Court sentenced the defendant to confinement for a period of 41 months with supervised release for a period of three years.

### II. The Analysis Required by 18 U.S.C. § 3553(a)

The Court sets forth its analysis of the sentencing factors required by *Booker* and the statutory guidance provided by 18 U.S.C. §3553(a) as follows:

**(a) Factors to be considered in imposing a sentence.**

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider -

**(1) The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

(5:06 CR 526)

The written plea agreement contains the following factual basis:

The defendant agrees that if this matter were to proceed to trial, the United States could prove the following facts beyond a reasonable doubt, and that these facts accurately outline his readily provable offense conduct and specific offense characteristics:

a. From at least as early as 2002 and continuing through March, 2006, the exact dates unknown, the defendant, EDWARD TURPIN, did unlawfully, knowingly and intentionally, combine, conspire, confederate and agree together with Rodney Petties and with diverse others unknown to possess with intent to distribute and distribute at least 400 grams but less than 500 grams of a mixture or substance containing a detectable amount of cocaine in violation of Title 21, United Stats Code, Sections 841(a)(1) and (b)(1)(c).

b. On November 26, 2005, at approximately 7:01 p.m., EDWARD TURPIN spoke to Rodney Petties on the telephone. TURPIN told Petties, "...ride right through here, 'cause I got something in the car for you" (TURPIN has money from the sale of cocaine for Petties).

c. On November 26, 2005, at approximately 7:06 p.m, EDWARD TURPIN met Rodney Petties at a liquor store on Harrisburg Road in Canton, Ohio, where he was observed to remove a package (money from the sale of cocaine) from the trunk of his vehicle and put it in Petties' vehicle.

d. On December 28, 2005, at approximately 2:57 p.m, EDWARD TURPIN spoke to Rodney Petties on the telephone. TURPIN asked, "How the weather looking" (do you have any cocaine to sell)? Petties said, "...slight chance of rain." TURPIN asked "...I was wondering if the weatherman said it was 100.%." Petties said, "...I should know from him here in a minute."

e. On January 2, 2006, at approximately 12:40 p.m, EDWARD TURPIN spoke to Rodney Petties on the telephone. TURPIN asked "...you ain't heard nothin?" Petties said, "...I talked to him the other day, man there's a piece of drywall, (a kilogram of cocaine) you know what I'm saying, there's one piece left man, but, uh, I think they're trying to you know." TURPIN

(5:06 CR 526)

    said, ...Oh yeah, trying to put it in at a high..." Petties said, "Yes...they trying to break it up" (break up the kilogram of cocaine and sell it in pieces for a high price).

    f. On January 6, 2006, at approximately 3:41 p.m, EDWARD TURPIN spoke to Rodney Petties on the telephone. TURPIN asked, "Did the weather change or something" (do you have cocaine for sale)?  Petties responded, "Yes, a little bit if you know what I'm saying" (Petties has some cocaine for sale).  Later in the conversation Petties said, "It's a little higher than what it was man" (the price of the cocaine is higher than usual).  TURPIN responded, "I image it's got to be... they can't complain being in a desert now you know you need some water."

    g. On March 6, 2006, at approximately 6:43 p.m, Rodney Petties spoke to EDWARD TURPIN on the telephone.  Petties asked, "Is your people about ready" (are your drug customers ready)?  TURPIN responded, "...yeah, we about ready."  Petties said, "...it's gonna definitely be tomorrow..." (I'll have cocaine for sale tomorrow).  TURPIN said, "Okay, I'll call everybody I need to call."

    The above outline of his conduct does not set forth each and every act he committed in furtherance of the offense to which he is pleading guilty, nor does it set forth each and every act that was part of the same course of conduct and common scheme and plan as the offense of conviction, and that the government could prove other acts evidencing his agreement and knowing participation with other persons to conspire to distribute cocaine.  The defendant, EDWARD TURPIN, also acknowledges that the amount of cocaine he conspired to possess with the intent to distribute and distribute was 400 to 500 grams of cocaine.

The Court finds that the defendant promptly accepted responsibility for his conduct and has continued to accept responsibility for his conduct.

(5:06 CR 526)

The defendant is 44 years of age[1]. He is a life-long resident of Canton, Ohio. He has been married since 1977, but no children have been born to that union. However, he has four children ranging in age from 26 to 14 from three previous relationships.

The defendant is a high school graduate and served two years in the Ohio National Guard receiving an Honorable Discharge.

The defendant is self employed for the past four years as a landscaper earning approximately $1,200.00 a month. He is a homeowner. The defendant has a criminal history category II as earlier indicated, but his convictions giving rise to his criminal history category of II, date back to 1993 and 1999.

The defendant suffers from no physical or mental health problems. The defendant has a history of using both cocaine and marijuana and is an appropriate subject for drug rehabilitation efforts.

**(2) The Need for the Sentence Imposed**

    **(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

The Court is of the view that the crime of conspiracy to distribute cocaine is a serious offense and a significant period of incarceration is required. Against the background of the

---

[1] The defendant waived the preparation of a presentence report so that this branch of the Court could sentence the defendant before departure from the state for a series of months. Consequently, the Court has relied primarily upon the Pretrial Services Report in developing the history of the defendant. The information in the Pretrial Services Report was incorrect as to the defendant's history of drug abuse. Rather, defendant's counsel provided the information that demonstrated the defendant's use of both cocaine and marijuana.

4

(5:06 CR 526)

defendant as set forth herein, the Court finds that a sentence of 41 months is sufficient to reflect the seriousness of the crime and to promote respect for the law.

### (B) to afford adequate deterrence to criminal conduct;

A sentence of 41 months for a person already 44 and engaged in appropriate employment, i.e, landscaping, does provide adequate deterrence to criminal conduct.

### (C) to protect the public from further crimes of the defendant;

The defendant has no current record for criminal conduct and demonstrates qualities that will permit him to maintain employment upon release from incarceration. In the Court's view, the sentence of 41 months does serve to protect the public from further crimes of the defendant.

### (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

The Court finds that the defendant has a problem with the use of addictive drugs such as cocaine and marijuana. Consequently, the Court recommends that the defendant be given the opportunity to participate in a drug rehabilitation program. The Court is unaware of any need that the defendant has for educational or vocational training or medical care. It may well be that the defendant will take advantage of the opportunity for additional education and the opportunity to work in Prison Industries while serving his sentence.

### CONCLUSION

For the reasons set forth herein, a sentence of 41 months with supervised release for three years and within the advisory guideline range, is a sentence sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2).

(5:06 CR 526)

    IT IS SO ORDERED.


| January 2, 2007 | */s/ David D. Dowd, Jr.* |
|---|---|
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |